IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH BARBER, et al, *on behalf of themselves and all others similarly situated*,<br><br>*Plaintiffs*,<br><br>vs.<br><br>ELISABETH DEVOS, *in her official capacity as United States Secretary of Education*, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>*Defendants.* | Case No. 20-cv-1137 |

### SECOND JOINT STATUS REPORT

Pursuant to this Court's May 12, 2020 Minute Order, Plaintiffs Elizabeth Barber and Craigory Lee A. Jenkins ("Plaintiffs") and Defendants United States Department of Education and Secretary Elisabeth DeVos (the "Department") submit this Joint Status Report addressing the issues in the Court's May 8, 2020 Minute Order and apprising the Court of the parties further discussions following the Joint Status Report submitted on May 11, 2020 (Dkt. 14).

The parties have been unable to reach an agreement to resolve Plaintiffs' amended motion for class certification (Dkt. 10) and Plaintiff Jenkins' motion for a preliminary injunction (Dkt. 11).

**Plaintiffs' Position**

Plaintiffs request that the Court set a deadline of **May 18, 2020** for Defendants' response to both motions. Plaintiffs propose to submit their reply briefs in support of their motions within 48 hours of the filing of Defendants' responses. This proposed schedule reflects the urgency of

having the motions resolved in time for Plaintiffs and the class to receive the benefits of the CARES Act immediately, as Congress intended.

1.     Under Local Rule 65.1(c), the Department's opposition to Plaintiff Jenkins' motion for a preliminary injunction would be due today, May 14. Plaintiffs propose to extend that deadline to May 18, 2020, which reflects an extension coextensive with the number of days the parties have been attempting to negotiate a resolution to the motion. Plaintiffs believe that the circumstances do not justify the Department's proposal to further extend the briefing schedule on the motion.

*First*, as noted in the motion, the purpose of the CARES Act is to provide "emergency assistance" from March 27 to September 30 because of COVID-19. Almost a third of the way through that six-month period, the Department has admitted that it is continuing to garnish wages for approximately 54,000 people.[1] This stands in stark contrast to the intent of Congress and President Trump in choosing to end garnishment *immediately* through the CARES Act. Had Congress wanted to give the Department a two-month runway to halt garnishments for a six-month period, they could have done so. They did not.

*Second*, to the extent the Department believes that it achieves compliance with the CARES Act simply by sending communications to employers with instructions to stop garnishments, that is plainly not what the law requires. Congress placed the burden on the

---

[1] Defendants assert, *infra* note 2, that approximately 12,000 borrowers remain in garnishment, which is down from the 54,000 borrower figure provided in the May 11, 2020 Joint Status Report (Dkt. 14). Plaintiffs note that the Department provided this information at approximately 8:25 PM, disclosing for the first time that approximately 3% of the "original pool" of borrowers (*i.e.*, approximately 12,000 borrowers) remain subject to wage garnishment. While encouraged by this last-minute disclosure, Plaintiffs lack the information to assess its veracity and note that it does not address the issue of whether borrowers are receiving refunds of the amounts illegally garnished.

Department to suspend all wage garnishments, not to send letters and emails. *See* CARES Act § 3513(e) ("*the Secretary* shall suspend all involuntary collection related to the loan, including—a wage garnishment authorized under section 488A of the Higher Education Act."). *See also* HEA § 488A, 20 U.S.C. § 1095a (authorizing "the Secretary" to garnish the disposable pay). Further, *the Department*, not employers, is responsible for refunding amounts unlawfully garnished. To the extent the Department states simply that it has "notified employers" to halt garnishment, it has provided no detail, including whether or not it has successfully contacted *all* employers.

    **2.**    With respect to Plaintiffs' motion for class certification, per Local Rule 7(b) the Department's response is presently due on May 21, 2020. Plaintiffs previously requested that the Department stipulate to certification of the class, but the Department declined to do so. In light of the Department's representation that 54,000 people continue to be garnished—and the emergency nature of the issue—Plaintiffs believe that this case must be handled on a class-wide basis in order to avoid unnecessary procedural issues that may result if the Department is able to resolve the issues for certain borrowers, while leaving the issue untouched for others. In contrast, with a certified class, there are fewer obstacles to a class-wide injunction or other class-based remedies that Plaintiffs believe are immediately necessary. Moreover, absent class certification, members of the uncertified class may be forced to seek their own injunctions, causing an unnecessary burden on the Court and on the Department. Plaintiffs request expedited briefing on class certification such that both the class certification and preliminary injunction motions are briefed (and potentially decided) simultaneously.

    **3.**    Plaintiffs appreciate the competing demands on the U.S. Department of Justice and U.S. Department of Education personnel. Yet the issue presented in this case is vital for each and every borrower who is continuing to have wages illegally garnished and/or who have not

received refunds of the amounts previously garnished. Plaintiffs' counsel, who are managing many of the same issues regarding telework and family responsibilities in light of COVID-19, are committed to working as quickly as possible to present these important issues to the court.

4. Plaintiffs do not yet have enough information to determine if a hearing will be necessary or if there will be factual disputes.

5. Plaintiffs propose the following briefing schedule for Plaintiffs' motions:

**May 18, 2020**: Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction due; Defendants' Opposition to Plaintiffs' Motion for Class Certification Due

**May 20, 2020**: Plaintiffs' Reply to Defendants' Opposition to their Motion for Preliminary Injunction due; Plaintiffs' Reply to Defendants' Opposition to Plaintiffs' Motion for Class Certification Due

**May 22, 2020**: Proposed date for hearing, if necessary, on Plaintiffs' Motion for Preliminary Injunction

**Defendants' Position**

1. The Department of Education ("Department") has notified employers to cancel wage garnishments authorized under section 488A of the Higher Education Act of 1965 (20 U.S.C. § 1095a) or 31 U.S.C. § 3720D, pursuant to section 3513(e) of the CARES Act. The Department has followed its processes to send cease-garnishment notifications to employers listed in the Department's records as currently garnishing wages, using the best available contact information for those employers in the Department's records.

2. In addition, in light of the national emergency and the importance of employers ceasing garnishment as soon as possible, the Department has taken further measures for cease-garnishment notifications, including a second round of written notifications that went out to employers. The Department has also continued an ongoing effort to contact employers by phone, starting with the largest employers on the wage garnishment list. In sum, Defendants

have not only taken the actions required by law to effectuate the suspension of wage garnishments but have also gone further by instructing employers again through multiple means of communication and providing borrowers with the information necessary to empower them to push their employers to comply with the Department's instructions.

        3.        Plaintiffs argue that "the Department has admitted that it is continuing to garnish wages for approximately 54,000 people." However, the Department is not the party that actually garnishes these wages; *employers* are garnishing these wages. Furthermore, the Department does not control employers, as demonstrated by the fact that many employers continue to garnish wages despite the Department's instructions to the contrary. Finally, even under Plaintiffs' theory of the case, the number that Plaintiffs erroneously impute to the Department has dropped significantly in the days since the first Joint Status Report; employers are now garnishing fewer than 3% of the original pool of borrowers whose wages were being garnished by employers at the beginning of the period covered by the CARES Act.[2] Thus, even if Plaintiffs were correct that the Department should be held legally responsible for actions it cannot and does not control, the only harm specified by Plaintiffs continues to decrease significantly with the completion over time of employers' internal processes for payroll changes.[3]

---

[2] The First Joint Status Report indicated that although employers were originally garnishing 390,000 borrowers' wages at the start of the national emergency period described in the CARES Act, that number had decreased to approximately 54,000 borrowers as of last Thursday. In the week since then, the number of borrowers whose wages are still being garnished by their employers has dropped even further to below 12,000 borrowers, which represents approximately 3% of the original pool of garnishees.

[3] Plaintiffs first provided additional arguments, including much of the language in the second and third paragraphs of section 1 of Plaintiffs' Position above, in a draft sent to the Department at 10:45pm; the Department will address these arguments in due course in its briefing.

4. The parties reported in their May 11, 2020 Joint Status Report that they were meeting and conferring regarding the possibility of resolving Plaintiffs' Amended Motion to Certify Class (ECF No. 10) and Motion for a Preliminary Injunction (ECF No. 11). *See* ECF No. 14 at 1. However, the parties were unable to come to agreement either on an alternative way to proceed going forward or on the schedule for further proceedings.

5. Defendants propose the following briefing schedule for Plaintiffs' motions:

**May 26, 2020**: Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction due

**June 2, 2020**: Defendants' Opposition to Plaintiffs' Motion for Class Certification and Plaintiffs' Reply to Defendants' Opposition to their Motion for Preliminary Injunction due

**June 5, 2020**: Proposed date for hearing on Plaintiffs' Motion for Preliminary Injunction

6. This case was filed on April 30, 2020. Plaintiffs' Motion for Preliminary Injunction was filed at 11:46 pm on May 7, 2020, a mere week ago. Pursuant to Local Rule 65.1(c), Defendants' response was originally due on May 14, 2020. The Court stayed that deadline because the parties were attempting to negotiate a resolution of Plaintiffs' motion. Now that those efforts have not succeeded, Defendants respectfully request a short amount of time to respond to this motion for the following reasons: (a) the parties and counsel spent most of the period from May 11-May 14 attempting to negotiate a resolution of the pending motions; (b) undersigned counsel for Defendants was absent from work to attend a family funeral on May 12; (c) the same individuals at the Department of Education that are needed to assist in preparing Defendants' response are working on continuing to reach out to employers who are still garnishing wages, as well as their other many work responsibilities, including responding to another motion for preliminary injunction that has just been filed in another newly-filed case.

*Oakley v. DeVos*, Case No. 20-cv-03215 (N.D. Cal.) (*see* ECF No. 17, proposing that the Department's opposition to plaintiffs' motion for preliminary injunction be due May 25, 2020). Those individuals, as well as counsel at DOJ working on this case, are also dealing with the stresses of maximum telework and increased child care responsibilities due to COVID-19 school closures.

7. Plaintiffs' proposed due date for Defendants' opposition to the PI motion—this Monday—gives Defendants only an additional two business days from the original due date, essentially ignoring the time Defendants spent negotiating and not writing briefs. Defendants do not believe that providing a modest amount of additional time to respond to the Motion for Preliminary Injunction will prejudice Plaintiffs or their putative class members, because Defendants are committed to continuing to work to remind employers of their obligation to cease garnishment and to empower borrowers to push their employers to cease garnishment as well.

8. Plaintiffs' Amended Motion for Class Certification was also filed on May 7, 2020. Pursuant to Local Rule 7(b), Defendants' response is currently due on May 21, 2020. Defendants require additional time to respond to this motion for the reasons stated above. In addition, Defendants will be working on their response to the Motion for Preliminary Injunction, and it is the same attorneys and other personnel that will be responding to the class certification motion. Plaintiffs will not be prejudiced by Defendants responding to the class certification motion one week after they file their opposition to the preliminary injunction motion, but still in time for the proposed hearing. Defendants will focus their resources in the interim on the ongoing efforts described above to repeat cease-garnishment communications to employers and to inform and empower borrowers to also contact their employers. Finally, the likelihood that Plaintiffs will prevail on their motion is slight. The determination of why individual employers

have not carried out the Department's instructions to stop garnishing wages will depend, at a minimum, on the individual circumstances of each employer and is therefore not easily amenable to resolution through class certification.

9. Defendants believe the Court's resolution of Plaintiffs' motions will be aided by a hearing, which can be conducted through teleconference or an online video platform. Defendants do not anticipate factual disputes between declarants, and therefore do not believe an evidentiary hearing on the Motion for a Preliminary Injunction will be necessary.

Dated:  May 14, 2020                                                                 Respectfully submitted,

| | |
|---|---|
| */s/ Alexander S. Elson* | JOSEPH H. HUNT |
| Daniel A. Zibel (D.C. Bar No. 491377) | Civil Division |
| Eric Rothschild (D.C. Bar No. 1048877) | |
| Alexander S. Elson (D.C. Bar No. 1602459) | MARCIA BERMAN |
| National Student Legal Defense Network | Assistant Branch Director, Federal Programs |
| 1015 15th Street NW, Suite 600 | Branch |
| Washington, DC 20005 | |
| (202) 734-7495 | */s/ Carol Federighi* |
| alex@defendstudents.org | CAROL FEDERIGHI |
| eric@defendstudents.org | Senior Trial Counsel |
| dan@defendstudents.org | United States Department of Justice |
| | Civil Division, Federal Programs Branch |
| Stuart T. Rossman* (BBO No. 430640) | P.O. Box 883 |
| Persis Yu* (BBO No. 685951) | Washington, DC 20044 |
| National Consumer Law Center | Phone: (202) 514-1903 |
| 7 Winthrop Square, Fourth Floor | Email: carol.federighi@usdoj.gov |
| Boston, MA 02110 | |
| (617) 542-8010 | *Counsel for Defendants* |
| srossman@nclc.org | |
| pyu@nclc.org | |

*Counsel for Plaintiffs*
* admitted *pro hac vice*