IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIZABETH BARBER, et al,
*on behalf of themselves and all others similarly situated*,

      *Plaintiffs*,

  vs.

ELISABETH DEVOS, *in her official capacity as United States Secretary of Education*, and UNITED STATES DEPARTMENT OF EDUCATION,

      *Defendants*.

Case No. 20-cv-1137

**NOTICE OF WITHDRAWAL OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Please take notice that Plaintiff Craigory Lee A. Jenkins hereby respectfully withdraws, without prejudice, her pending Motion for Preliminary Injunction filed on May 7, 2020 (Dkt. 11). In her motion, Ms. Jenkins seeks a preliminary injunction barring Defendants United Stated Department of Education and Secretary Elisabeth DeVos (collectively, the "Department") from garnishing wages in violation of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act")*,* Pub. L. No. 116–136, 134 Stat. 281 (2020). Ms. Jenkins withdraws the motion because her paycheck dated May 22, 2020 was not garnished. Undersigned counsel has notified counsel for the Department of this fact and intent to file this notice.

As reported by the Department in the parties' Second Joint Status Report (Dkt. 17), approximately 12,000 borrowers—all members of the proposed class—continue to be subjected to wage garnishment. Undersigned counsel files this notice of withdrawal without prejudice to

bring a new motion for preliminary injunction on behalf of additional members of the proposed class whose wages continue to be garnished.

Plaintiffs do not withdraw their motion for class certification, nor do they believe that any changes to the current briefing or hearing schedule on that motion are warranted. Absent class certification, the circumstances of Ms. Jenkins are likely to repeat themselves: a garnished borrower files a motion for preliminary injunction on her own behalf, the Department takes steps to remedy that single borrower's situation, but remaining members of the class continue to be deprived of the relief the CARES Act requires. Class certification will prevent the repetition of this sequence, avoiding an unnecessary burden on the Court and the parties.[1] The Department's position is that it is at the Court's discretion whether to proceed with the June 5 hearing in light of Plaintiff's withdrawal of her preliminary injunction motion.

Respectfully Submitted,

/s/Alexander S. Elson
Alexander S. Elson (D.C. Bar No. 1602459)
Eric Rothschild (D.C. Bar No. 1048877)
Daniel A. Zibel (D.C. Bar No. 491377)
National Student Legal Defense Network
1015 15th Street NW, Suite 600
Washington, DC 20005
(202) 734-7495
alex@defendstudents.org
eric@defendstudents.org
dan@defendstudents.org

Stuart T. Rossman* (BBO No. 430640)
Persis Yu* (BBO No. 685951)

---

[1] Notably, "so long as a plaintiff files a motion to certify a class when he still has a live claim, the mooting of that claim while the motion is pending precludes the court from reaching the merits but does not preclude it from deciding the certification motion." *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 305-06 (3d Cir. 2016); *see also County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991); *Sosna v. Iowa*, 419 U.S. 393, 403 (1975).

        National Consumer Law Center
        7 Winthrop Square, Fourth Floor
        Boston, MA 02110
        (617) 542-8010
        srossman@nclc.org
        pyu@nclc.org

*Admitted pro hac vice*

*Counsel for Plaintiffs*

Dated: May 22, 2020

3