IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH BARBER, *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>ELISABETH DeVOS, in her official capacity as United States Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>　　　Defendants. | Civil Action No. 1:20-cv-01137-CJN |

## DEFENDANTS' STATUS REPORT

The Court's minute order of June 22, 2020, directed Defendants to submit a Status Report, "apprising the Court of: (1) the percentage of borrowers whose wages are being garnished; (2) the percentage of refunds issued; (3) the means the Department [of Education ('Department')] is using to contact employers continuing to garnish wages; (4) how many borrowers do not have a valid address on file; and (5) a description of the Department's attempts to reach them." Pursuant to this Order, Defendants hereby submit the following Status Report:

(1) <u>The percentage of borrowers whose wages are being garnished</u>:

In his June 2, 2020 Declaration (ECF No. 20-1), Mark A. Brown, Chief Operating Officer, Federal Student Aid ("FSA"), U.S. Department of Education, explained that the Department cannot directly determine when an employer has canceled garnishment for its employees with federally-held student loans. Instead, the Department measures on a weekly basis the percentage of borrowers for whom it has received an administrative wage garnishment ("AWG") payment from an employer, during the week at issue, compared against the total

number of unique borrowers for which the Department has received an AWG payment since March 13, 2020 (the latter is also referred to in the Declaration as "the original pool covered by the CARES Act"). Brown Decl. ¶ 40. In other words, the percentages provided represent a snapshot of the garnishment payments received by the Department from employers during the given week.

For the week ending November 12, 2020, the Department received payments from garnishment by approximately 8 employers affecting 0.004% of the total number of unique borrowers for which the Department has received an AWG payment since March 13, 2020.

The significant drop in the number of employers sending in payments is likely due in large part to the Department's action to shut down the post office box where AWG payments have been received, as of October 30, 2020. After attempting to notify employers by mail and by phone, as indicated in the Brown Declaration and prior status reports, the Department has, as a last resort, taken this measure to halt its continued receipt of these payments. Now any payments sent to that AWG post office box will be returned to the sender by the US Postal Service unopened. In the past two weeks, FSA has processed a very small number of payments that were received prior to the closing of the post office box or which were (mistakenly) sent by employers to a different post office box.

(2) <u>The percentage of refunds issued</u>:

As of November 12, 2020, the Department has now issued AWG refunds totaling over $186 million to over 380,000 borrowers, representing over 97% of the wages garnished since March 13, 2020. Refunds for the remaining borrowers have been initiated by FSA and are either being actively processed or on hold because the borrowers owed a refund have an invalid address

on file.  In the meantime, all garnishment funds received by the Department are applied to each borrower's account until such time as a refund can be processed and sent to the borrower.

(3) <u>The means the Department is using to contact employers continuing to garnish wages</u>:

The Department's contractor, Maximus Federal Servicers ("Maximus"), continues to attempt to re-contact by phone or written notifications those non-compliant employers who continue to send in garnishment payments, prioritizing employers by the number of employees they are garnishing.  The Department reviews regular reports (at least weekly) from Maximus on which employers have recently garnished wages and on Maximus' calls and letters to those employers to remind them to stop garnishing wages and discusses with Maximus what further action will be taken.

(4) <u>How many borrowers do not have a valid address on file</u>:

As of November 12, 2020, there were fewer than 24,000 borrowers without valid addresses on file.

(5) <u>A description of the Department's attempts to reach them</u>:

The Department continues to work to validate addresses by sending emails to the borrowers (most if not all of whom have email addresses on file) on a weekly basis notifying them they are owed a refund and instructing them how to access and use the Debt Resolution Portal to confirm their address.  The Department is also working with the Department of Treasury to locate correct addresses for these borrowers.

Defendants continue to encourage Plaintiffs' counsel to put any borrower still being garnished or who has not received a refund in touch with the Department, in order to provide

3

information to direct the Department's ongoing efforts to encourage the few remaining employers who are garnishing wages to stop garnishment, as well as to provide refunds where warranted.

Dated:  November __, 2020	Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director, Federal Programs Branch

*/s/ Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendants*