## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH BARBER, *et al*., on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>ELISABETH DeVOS, in her official capacity as United States Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendants. | Civil Action No. 1:20-cv-01137-CJN |

### DEFENDANTS' STATUS REPORT

The Court's minute order of June 22, 2020, directed Defendants to submit biweekly status reports, "apprising the Court of: (1) the percentage of borrowers whose wages are being garnished; (2) the percentage of refunds issued; (3) the means the Department [of Education ('Department')] is using to contact employers continuing to garnish wages; (4) how many borrowers do not have a valid address on file; and (5) a description of the Department's attempts to reach them."  Pursuant to this Order, Defendants hereby submit the following Status Report:

(1) The percentage of borrowers whose wages are being garnished:

In his June 2, 2020, Declaration (ECF No. 20-1), Mark A. Brown, Chief Operating Officer, Federal Student Aid ("FSA"), U.S. Department of Education, explained that the Department cannot directly determine when an employer has canceled garnishment for its employees with federally-held student loans.  Instead, the Department measured on a weekly basis the percentage of borrowers for whom it received an administrative wage garnishment ("AWG") payment from an employer, during the week at issue, compared against the total

number of unique borrowers for which the Department had received an AWG payment since

March 13, 2020 (the latter is also referred to in the Declaration as "the original pool covered by

the CARES Act").  Brown Decl. ¶ 40.

    As reported in the Department's November 16, 2020, status report (ECF No. 45), the

Department shut down the post office box where AWG payments were received as of October

30, 2020.  After attempting to notify employers by mail and by phone, as indicated in the Brown

Declaration and prior status reports, the Department took this measure as a last resort to halt its

continued receipt of these payments.  Now any payments sent to that AWG post office box are

returned to the sender (*i.e.*, the garnishing employer) by the U.S. Postal Service unopened.

    Since the post office box to which the payments are sent has now been closed, the

Department does not receive the payments or any information about the number or identity of the

borrowers whose wages were garnished or of the employers still garnishing.  The payments are

being automatically returned to the employers by the U.S. Postal Service without any

involvement by the Department.  The Department is not able to track the employers, borrowers,

or payments involved.

    For the week ending December 23, 2020, the Department processed a limited number of

garnishment payments sent (mistakenly) to another post office box or that had been received

earlier but not associated with the correct borrower.  Specifically, the Department processed

garnishment payments by approximately 9 employers affecting 0.004% of the total number of

unique borrowers for which the Department has received an AWG payment since March 13,

2020.

(2) <u>The percentage of refunds issued</u>:

As of December 23, 2020, the Department has now issued AWG refunds totaling over $186 million to over 380,000 borrowers, representing over 97% of the wages garnished since March 13, 2020.  Refunds for the remaining borrowers have been initiated by FSA and are either being actively processed or on hold because the borrowers owed a refund have an invalid address on file.  The Department continues to refund any payments that are received from employers and to refund payments to borrowers once a valid address is received for the borrower.  In the meantime, all garnishment funds received by the Department are applied to each borrower's account until such time as a refund can be processed and sent to the borrower.  As for payments returned unopened since the closing of the post office box, it is the responsibility of the employers, who have ignored the Department's repeated instructions to stop garnishing borrowers, to return these unauthorized garnishments to their employees.

(3) <u>The means the Department is using to contact employers continuing to garnish wages</u>:

In the month prior to the closure of the post office box, the Department sent notifications to employers from whom a garnishment payment was received, informing them that the Department had notified them multiple times to stop garnishments and that the post office box was being shut down and instructing them to restore any returned garnished funds subsequently received to the employee.

(4) <u>How many borrowers do not have a valid address on file</u>:

As of December 23, 2020, there were fewer than 23,500 borrowers without valid addresses on file.

(5) <u>A description of the Department's attempts to reach them</u>:

The Department continues to work to validate addresses by sending emails to the borrowers (most if not all of whom have email addresses on file) on a weekly basis notifying them they are owed a refund and instructing them how to access and use the Debt Resolution Portal to confirm their address.  The Department is also working with the Department of Treasury to locate correct addresses for these borrowers.

Dated:  December 30, 2020

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Branch Director, Federal Programs
Branch

*/s/ Carol Federighi*
CAROL FEDERIGHI
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

*Counsel for Defendants*

4